1

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DARLA FERGUSON**                                                                    **PETITIONER**

No. 4:25-cv-00514 JM/PSH

**CITY OF CLINTON**                                                                    **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Petitioner Darla Ferguson ("Ferguson") filed a petition for writ of habeas corpus and an application to proceed *in forma pauperis* on May 27, 2025. Doc. Nos. 1 & 2. Because Ferguson's motion to proceed *in forma pauperis* did not include sufficient information, the Court denied it without prejudice in a June 3 order, and directed her to file a new motion to proceed *in forma pauperis*. *See* Doc. No. 3. The Court also notified Ferguson that her petition was inadequate,[1] and directed her to file an amended petition within thirty days. *Id.* Finally, the Court notified Ferguson of her duty to comply with Local Rule 5.5(c)(2), which requires her to respond to communication from the Court within thirty days, and that failure to timely respond to its order could result in a recommendation that the case be dismissed without prejudice. *Id.*

Ferguson has not responded to the Court's June 3 Order, either by filing a new motion to proceed *in forma pauperis* or by submitting an amended petition.

---

[1] The petition does not clearly identify the conviction being challenged, as noted in the Court's Order of June 3, 2025. Doc. No. 3. Ferguson appears to be challenging a 1990 conviction from the Municipal Court of Clinton but references a number of cases. In addition, the claims for relief (e.g., ground one is "Illicit drug networks; customs and border protection," ground two is "Legal Notice 10-26-24," and ground three is "Hard-Headed' Industrial Strategy") do not amount to valid habeas corpus claims.

3

Additionally, there is no evidence of record indicating that Ferguson did not receive the Court's June 3 order or that her address has changed. Under these circumstances, the Court concludes and recommends that Ferguson's petition for writ of habeas corpus should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2). *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 10th day of July, 2025

_____
UNITED STATES MAGISTRATE JUDGE